IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MARGIE STATON**                                                           **PLAINTIFF**

VS.                                          CIVIL ACTION NO. 3:05-CV-158BS

**MEDICAL PRACTICE SOLUTIONS, INC.**                                        **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on the Motion for Reconsideration of Plaintiff Margie Staton. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

In an Opinion and Order dated April 13, 2006, (hereinafter "April 13 Opinion") and filed with the Clerk of the Court on the same day under docket entry no. 29, this Court granted the Motion for Summary Judgment of Defendant Medical Practice Solutions, Inc. Aggrieved by the holdings in the April 13 Opinion, Plaintiff filed the subject Motion for Reconsideration on April 27, 2006. That Motion is now ripe for decision.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment

or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

In the subject Motion for Reconsideration, Plaintiff cites no new caselaw or statutes that represent a change in controlling law and presents no new evidence that was not previously considered by

the Court. Therefore, the Court finds that the Motion for Reconsideration should be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration [docket entry no. 31] is not well taken and is hereby denied.

SO ORDERED this the 1st day of June, 2006.


                                                  s/ William H. Barbour, Jr.
                                                  UNITED STATES DISTRICT JUDGE

blj